# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

(1) ARROW OIL & GAS, INC.;  )
(2) BRADEN-DEEM, INC.;  )
(3) CASEY MUSGROVE OIL COMPANY, INC.;  )
(4) CHAPARRAL ENERGY, LLC;  )
(5) CMX, INC.;  )
(6) CRAWLEY PETROLEUM CORPORATION;  ) Case No. CIV-10-_____-____
(7) DC ENERGY, INC.;  ) (Removed from the District
(8) DUNCAN OIL PROPERTIES, INC.;  ) Court in and for Pottawatomie
(9) DUNNE EQUITIES, INC.;  ) County, State of Oklahoma,
(10) FAIRFIELD OIL & GAS CORPORATION;  ) Case No. CJ-2010-240)
(11) THE GLOCO, LLC;  )
(12) GMX RESOURCES, INC.;  )
(13) GROUND DEVELOPMENT COMPANY;  )
(14) JACK EXPLORATION, INC.;  )
(15) KEITH F. WALKER OIL & GAS  )
     COMPANY, LLC;  )
(16) KINGERY DRILLING COMPANY, INC.;  )
(17) LANCE RUFFEL OIL & GAS  )
     CORPORATION;  )
(18) LARIO OIL & GAS COMPANY;  )
(19) LITTLE BEAR RESOURCES, LLC;  )
(20) MCCOY PETROLEUM CORPORATION;  )
(21) MESA EXPLORATION COMPANY, INC.;  )
(22) MUSGRAVE ENERGY, INC.;  )
(23) MUSTANG FUEL CORPORATION;  )
(24) NYTEX ENERGY, LLC;  )
(25) OKLAHOMA OIL & GAS  )
     MANAGEMENT, INC.;  )
(26) RJ SPERRY COMPANY;  )
(27) SHORT & SHORT, LLC;  )
(28) STEPHENS & JOHNSON OPERATING  )
     COMPANY;  )
(29) TEMPEST ENERGY RESOURCES, LP;  )
(30) TRIPLEDEE DRILLING COMPANY, INC.;  )
(31) TRIPOWER RESOURCES, INC.;  )
(32) VEENKER RESOURCES, INC.; and  )
(33) WELLCO ENERGY, INC.,  )
    )
         Plaintiffs,  )

1

v.                                      )
                                        )
(1) CALCASIEU REFINING COMPANY;         )
(2) CHEVRON USA, INC. (d/b/a CHEVRON     )
        PRODUCTS COMPANY);              )
(3) CIMA ENERGY LTD.;                   )
(4) CIMMARRON GATHERING, LP;            )
(5) CIMMARRON TRANSPORTATION, LLC;      )
(6) COFFEYVILLE RESOURCES REFINING &    )
        MARKETING, LLC;                 )
(7) CP ENERGY LLC;                      )
(8) CRUDE MARKETING &                   )
        TRANSPORTATION, INC.;           )
(9) DELEK REFINING LTD;                 )
(10) HUSKY MARKETING AND SUPPLY         )
        COMPANY;                        )
(11) INTERSTATE PETROLEUM              )
        CORPORATION;                    )
(12) NATIONAL COOPERATIVE REFINERY      )
        ASSOCIATION                     )
(13) OASIS TRANSPORTATION AND           )
        MARKETING CORPORATION;          )
(14) OCCIDENTAL ENERGY MARKETING,       )
        INC.;                           )
(15) SHELL TRADING (US) COMPANY;        )
(16) SUNOCO LOGISTICS PARTNERS, LP;     )
(17) TEPPCO CRUDE GP, LLC;              )
(18) VALERO MARKETING AND SUPPLY        )
        COMPANY;                        )
(19) VENTURA REFINING &                 )
        TRANSMISSION, LLC,              )
                                        )
                Defendants.             )

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1334(b), 1446 and

1452(a), Coffeyville Resources Refining & Marketing, LLC ("Coffeyville Resources")

and each of the defendants and/or the improperly named presumptive defendants that are

2

signatories hereto (collectively the "Defendants" and individually "Defendant"[1]) hereby remove to this Court each and every individual claim and cause of action asserted in that action by Plaintiffs in the state court action described in Paragraph 1, below. By filing and joining in this Notice of Removal, Defendants do not waive, and expressly reserve, any defenses available to Defendants including, without limitation, lack of personal jurisdiction, insufficient process, and insufficient service of process.

## I.    THE REMOVED CASE

1.    The removed case is a civil action commenced by the filing of Plaintiffs' Original Petition (the "Petition") on or about May 03, 2010 in the District Court of Pottawatomie County, State of Oklahoma, styled *Arrow Oil & Gas, Inc., et al. v. Calcasieu Refining Company, et al.*, Case No. CJ-2010-240. (A copy of the state court Petition is attached hereto as Exhibit 1.)

2.    The Petition was filed by Arrow Oil & Gas, Inc.; Braden-Deem, Inc.; Casey Musgrove Oil Company, Inc.; Chaparral Energy, LLC; CMX, Inc.; Crawley Petroleum Corporation; DC Energy, Inc.; Duncan Oil Properties, Inc.; Dunne Equities, Inc.; Fairfield Oil & Gas Corporation; The Gloco, LLC; GMX Resources, Inc.; Ground Development Company; Jack Exploration, Inc.; Keith F. Walker Oil & Gas Company, LLC; Kingery Drilling Company, Inc.; Lance Ruffel Oil & Gas Corporation; Lario Oil & Gas Company; Little Bear Resources, LLC; McCoy Petroleum Corporation; Mesa

---

[1] The Plaintiffs have named Cimmarron Transportation, LLC, in the Petition, as well as Cimmarron Gathering, L.P. ("Cimmarron Gathering"). Cimmarron Gathering believes that Cimmarron Transportation, LLC, may have been improperly named and is an unrelated entity from which it purchased certain assets well prior to June and July, 2008.

3

Exploration Company, Inc.; Musgrove Energy, Inc.; Mustang Fuel Corporation; Nytex Energy, LLC; Oklahoma Oil & Gas Management, Inc.; RJ Sperry Company; Short & Short, LLC; Stephens & Johnson Operating Company; Tempest Energy Resources, LP; Tripledee Drilling Company, Inc.; Tripower Resources, Inc.; Veenker Resources, Inc.; and Wellco Energy, Inc. (collectively referred to herein as "Plaintiffs").

3.      In the Petition, Plaintiffs allege that in June and July of 2008 they sold and delivered millions of dollars worth of crude oil to SemCrude, L.P., as well as other related entities (collectively the "Debtors"). The Debtors filed voluntary bankruptcy petitions (the "Bankruptcy Proceedings") in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") on July 22, 2008.[2] Plaintiffs allege that the Debtors failed to pay Plaintiffs for the oil that Debtors purchased. Plaintiffs further allege that Defendants purchased or received Plaintiffs' crude oil from the Debtors prior to bankruptcy, and that Defendants traded, swapped, and/or sold Plaintiffs' crude oil to third parties, or consumed it in the course of their operations, which generated proceeds, funds or valuable consideration for the benefit of Defendants.

4.      Plaintiffs also allege in the Petition that, pursuant to the laws of Oklahoma and Texas, Plaintiffs hold valid perfected purchase money security interests and liens on all crude oil produced, sold and delivered to the Debtors in June and July 2008 for which the Debtors have failed to pay. According to Plaintiffs' Petition, these security interests and liens extend to all proceeds resulting from the Debtors' sale of crude oil to third

_____

[2] The SemGroup Bankruptcy Proceedings are jointly administered as Case No. 08-11525 (BLS).

parties, including Defendants, and that the Debtors' sale of Plaintiffs' crude oil to Defendants did not extinguish Plaintiffs' alleged security interests.

5.     In the Petition, Plaintiffs allege that Oklahoma law provides that all revenue and proceeds received by the Debtors or other third parties, including Defendants, resulting from the sale of Plaintiffs' crude oil are held in constructive trust for the benefit of Plaintiffs and other working interest owners and royalty owners.

6.     In the Petition, Plaintiffs assert various legal and equitable claims for relief based on their alleged security interests, liens, and constructive trusts and allege that Defendants should compensate Plaintiffs for the crude oil and gas Plaintiffs sold to the Debtors.  Plaintiffs further allege that Oklahoma and Texas law prohibit Defendants from setting off obligations with the Debtors pursuant to Defendants' contracts with Debtors.

## II.     PAPERS FROM THE REMOVED ACTION

7.     As required by 28 U.S.C. § 1446(a) and LCvR 81.2, true and correct copies of all papers filed or served in the state court are attached as exhibits hereto, along with a copy of the docket sheet of the case:

> Exhibit 2 – Entry of Appearance of Robert G. Gum for Defendant TeppcoCrude GP, LLC, filed 05/10/10
> Exhibit 3 – Affidavit of Service to Coffeyville Resources Refining & Marketing, LLC (erroneously docketed as Calcasieu Refining Company), filed 05/12/10
> Exhibit 4 – Affidavit of Service to Chevron USA Inc., filed 05/12/10
> Exhibit 5 – Summons served on Chevron Products Company, a division of Chevron U.S.A. Inc. (wrongfully named by plaintiffs as Chevron USA, Inc. (d/b/a Chevron Products Company))
> Exhibit 6 – Summons served on Cimmarron Gathering, LP
> Exhibit 7 – Summons served on Coffeyville Resources Refining & Marketing, LLC
> Exhibit 8 – Summons served on Delek Refining Ltd.
> Exhibit 9 – Summons served on National Cooperative Refinery Association

Exhibit 10 – Summons served on Occidental Energy Marketing, Inc.
Exhibit 11 – Summons served on Shell Trading (US) Company
Exhibit 12 – Summons served on Sunoco Logistics Partners, LP
Exhibit 13 – Summons served on Teppco Crude GP, LLC
Exhibit 14 – Summons served on Valero Marketing and Supply Company
Exhibit 15 – Summons served on Ventura Refining & Transmission, LLC
Exhibit 16 – Amended Entry of Appearance of Robert G. Gum for Defendant
      TeppcoCrude GP, LLC, filed 05/18/10
Exhibit 17 – State Court Docket Sheet

### III.   THE NOTICE OF REMOVAL IS TIMELY

8.    The Petition was served on certain Defendants through their registered agents in Oklahoma on or after May 5, 2010. This notice of removal is, therefore, timely pursuant to 28 U.S.C. § 1446(b) and Rule 9027 of the Federal Rules of Bankruptcy Procedure as it is filed within thirty (30) days of such service.

9.    The United States District Court for the Western District of Oklahoma is the appropriate Court to which this action should be removed under 28 U.S.C. § 1452(a) because this Court is the United States District Court for the district where the state court action is pending pursuant to 28 U.S.C. § 116(c).

### V.   GROUNDS FOR REMOVAL

10.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) because it is a civil proceeding "arising under title 11, or arising in or related to cases under title 11." The Petition seeks payment for crude oil and gas that Plaintiffs allegedly sold to Debtors or the proceeds thereof, and asserts perfected security interests, liens, and constructive trusts arising out of Plaintiffs' sale of crude oil to the Debtors for which Plaintiffs allege they have not been paid. Plaintiffs, along with dozens of other oil producers, are actively litigating similar claims seeking to recover funds that are

6

{S179293;4}

allegedly owed to the Debtors in the Delaware Bankruptcy Court, and that court is currently adjudicating the competing claims by these oil producers, the Debtors, and Defendants to these funds. The determination of Plaintiffs' claims will alter the recovery by various creditors of the Debtors. Removal is, therefore, appropriate under 28 U.S.C. § 1452(a) because Plaintiffs' action is a "core proceeding" under 28 U.S.C. § 157(b)(2) that will affect "the administration of the Debtors' estate," the liquidation of the assets of the estate," and "the adjustment of the debtor-creditor … relationship." See 28 U.S.C. §§ 157(b)(2)(A) and (O). Plaintiffs' claims in this action are also "core" for the independent reason that they involve "determinations of the validity, extent, or priority of liens," that Plaintiffs claim to hold in the Debtors' accounts receivable. See 28 U.S.C. § 157(b)(2)(K).

11. Removal is proper under 28 U.S.C. § 1452(a) for the additional reason that it is "related to" the proceedings before the Delaware Bankruptcy Court, and therefore this Court has original jurisdiction pursuant to 28 U.S.C. § 1334(b). An action is "related to" a bankruptcy proceeding if it "could conceivably have any effect on the estate being administered in bankruptcy." *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990). Here, any determination of the validity of Plaintiffs' alleged liens against Defendants will necessarily have an effect on the Debtors' estates. If Plaintiffs prevail on their claims in this action, and Defendants are forced to pay the Debtors' debts for oil that it purchased from Plaintiffs, the Debtors' estates will be affected. The Debtors have also agreed to participate in any discovery brought by crude oil and gas producers against Defendants. Moreover, resolution of the Plaintiffs' claims will involve the interpretation of several

orders and opinions issued by the Delaware Bankruptcy Court, which the Court always has jurisdiction to do. *Travelers Indem. Co. v. Bailey*, 129 S. Ct. 2195 (2009)(citing *Local Loan Co. v. Hunt*, 292 U.S. 234, 239). Plaintiffs' claims in the Petition are therefore within "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b) because they will plainly affect the Debtors' bankruptcy estates and the administration thereof.

12. There is also "related to" jurisdiction in connection with the Bankruptcy Proceedings because the Debtors are contractually obligated to indemnify certain Defendants for any attorneys' fees or expenses incurred in connection with this action, and any breach of warranty, which may affect the Debtors' estates. The crude oil trading relationships between the Debtors and Defendants were governed by agreements for the exchange, purchase and sale of crude oil. Under those agreements, the Debtors warranted to certain Defendants that it held "good title to all crude oil" and that "such crude oil shall be free from all royalties, liens, encumbrances," and all applicable taxes. The Debtors also agreed to "indemnify and hold harmless" these Defendants "from and against all reasonable out-of-pocket expenses, including reasonable legal fees ... by reason of the enforcement and protection of its rights under this Agreement, including, without limitation, costs of collection." Many Defendants have filed proofs of claim in the Bankruptcy Proceedings asserting claims for any amounts that Plaintiffs herein might recover. "Related to" jurisdiction exists, where, as here, the debtor's obligation to indemnify is contractual and a "judgment against the ... indemnitee would effectively bind the debtor." *See In re W.R. Grace & Co.*, 315 B.R. 353, 358-60 (Bankr. D. Del.

8

2004). That is plainly the case here, as this action automatically triggered the Debtors' indemnity obligations to certain Defendants.

13.     Plaintiffs, Debtors, and many Defendants are currently litigating substantially similar issues in adversary proceedings pending before the Delaware Bankruptcy Court as those Plaintiffs seek to litigate in this action. For example, in October 2008, similarly situated crude oil and gas producers commenced adversary proceedings in the Delaware Bankruptcy Court in which they assert that under the laws of many states, including Oklahoma and Texas, they hold liens, trusts and security interests in any proceeds of crude oil that they sold to the Debtors, and which the Debtors, in turn, sold to third parties like Defendants.[3] Many Defendants in this action are also defendants in one or more of those proceedings, which involve binding determinations of the same rights Plaintiffs assert here. Indeed, the Delaware Bankruptcy Court has already ruled after extensive briefing, expert discovery, and oral argument that the Oklahoma Production Revenue Standards Act, on which Plaintiffs rely in this action to support a constructive trust claim, does not create a trust of any kind.

---

[3] *See Samson Resources et al. v. SemCrude, L.P., et al.*, Adv. No. 08-51445 (BLS); *Arrow Oil & Gas, Inc., et al. v. SemCrude, L.P., et al.*, Adv. No. 08-51444 (BLS); *Mull Drilling Co. Inc., et al. v. SemCrude, L.P. et al.*, Adv. No. 08-51446 (BLS); *Samson Resources v. SemCrude, L.P. et al.*, Adv. No. 08-51458 (BLS); *Samson Resources, et al. v. SemCrude, L.P., et al.*, Adv. No. 08-51448 (BLS). *See also Mull Drilling Co., Inc., et al. v. SemCrude, L.P. et al.*, Adv. No. 08-51454 (BLS); *D E Exploration, Inc., et al. v. SemCrude, L.P. et al.*, Adv. No. 08-51453 (BLS); *Prima Exploration, Inc., et al. v. SemCrude, L.P. et al*, Adv. No. 08-51455 (BLS); *Samson Resources v. Eaglwing, L.P., et al.*, Adv. No. 08-51146 (BLS); *BP v. SemCrude, L.P., et al.*, Adv. No. 09-50105 (BLS); *ConocoPhillips v. SemCrude LP et al.*, Adv. No. 08-51457 (BLS); *J. Aron v. SemGroup, L.P., et al.*, Adv. No. 09-50037 (BLS); *Plains Marketing, L.P. v. Bank of America, N.A. et al.*, Adv. No. 09-51003 (BLS).

{S179293;4}

14.    Furthermore, the Delaware Bankruptcy Court and numerous federal District Courts in Oklahoma and Texas have already held that federal jurisdiction exists over these types of disputes.  Numerous adversary proceedings have been initiated in the Delaware Bankruptcy Court wherein the initiating party seeks to resolve substantially similar claims as those asserted by Plaintiffs herein.[4]  Certain oil producers, including a number of the Plaintiffs, moved to dismiss those cases for lack of jurisdiction.  The Delaware Bankruptcy Court denied those motions and ruled that it has bankruptcy jurisdiction over the dispute among the crude oil producers that sold to the Debtors and various purchasers of crude oil from the Debtors, including Defendants.

15.    Additionally, the factual allegations in the Petition are substantially identical to those in twenty-four (24) other actions that were previously filed by similarly situated parties in Oklahoma state and federal courts, all of whom seek to be paid for crude oil they allegedly sold to the Debtors in June and July 2008, against numerous defendants including many of the Defendants in this action.[5]  Several of these actions

---

[4] *See BP v. SemCrude, L.P., et al.*, Adv. No. 09-50105 (BLS); *ConocoPhillips v. SemCrude LP et al.*, Adv. No. 08-51457 (BLS); *J. Aron v. SemGroup, L.P., et al.*, Adv. No. 09-50037 (BLS); *Plains Marketing, L.P. v. Bank of America, N.A. et al.*, Adv. No. 09-51003 (BLS).

[5] These cases – all of which are now pending in Delaware – include *Samson Resources v. BP*, Case No. 08-cv-753 (N.D. Okla.); *Samson Resources v. J. Aron*, Case No. 08-cv-752 (N.D. Okla.); *Samson Resources v. ConocoPhillips,* Case No. 09-cv-21 (N.D. Okla.); *Samson Resources v. Sunoco Logistics Partners, L.P.*, Case No. 09-cv-00135 (N.D. Okla.); *Samson Lone Star and Samson Contour v. BP*, Case No. 0-cv-345 (N.D. Okla.); *Samson Lone Star and Samson Contour v. Sunoco Logistics Partners, L.P.*, Case No. 09-cv-376 (N.D. Okla.); *Hope Partners Inc. v. BP*, Case No. 09-cv-222 (N.D. Okla.) *New Dominion LLC v. BP*, Case No. 09-cv-075 (E.D. Okla.); *New Dominion LLC v. J. Aron*, Case No. 09-cv-007 (E.D. Okla.); *IC-CO, Inc. et al. v. J. Aron*, Case No. 09-cv-122 (E.D. Okla.); *Timmy Joe Degge v. ConocoPhillips*, Case No. 09-cv-00161 (E.D. Okla.); and 13 identical actions styled *Samson*

were originally filed in Oklahoma state court and timely removed by the respective defendant. Twenty-four (24) of these actions have already been transferred, by five different U.S. District Court judges sitting in Oklahoma, including the Hon. Joe Heaton of this Court, the Hon. Gregory K. Frizzell of the Northern District of Oklahoma, the Hon. James H. Payne of the Eastern District and one U.S. District Court judge sitting in Texas, to the District of Delaware pursuant to 28 U.S.C. §§ 1404(a) and 1412 because the Plaintiffs' claims are within the bankruptcy jurisdiction of that court and should properly be heard in the Bankruptcy Proceedings. Those cases are also now pending in Delaware.

16.    To the extent this is a non-core proceeding, Defendants consent, pursuant to Fed. R. Bankr. P. 9027(a)(1), to the entry of final order or judgment by the bankruptcy judge.

## V.    COMPLIANCE WITH 28 U.S.C. § 1446(d)

17.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court of Pottawatomie County. A copy of this Notice of Removal will be promptly served on all counsel of record after its filing.

## VI.    CONSENT OF DEFENDANTS

18.    Each and every Defendant, through its undersigned counsel, hereby removes the claims and causes of action asserted against it by Plaintiffs pursuant to 28 U.S.C. §§ 1334(b), 1446 and 1452(a).

---

*Resources Company et al. v. Valero Marketing and Supply Company, et al.* that were transferred by Judge Joe Heaton to the Delaware Bankruptcy Court (Case Nos. 09-cv-807, 09-cv-808, 09-cv-810, 09-cv-811, 09-cv-812, 09-cv-813, 09-cv-814, 09-cv-815, 09-cv-816, 09-cv-817, 09-cv-818, 09-cv-819, and 09-cv-820).

11

WHEREFORE, each and every Defendant, pursuant to 28 U.S.C.A. §§ 1334(b), 1446 and 1452(a), removes each and every individual claim and cause of action asserted in the action, from the District Court of Pottawatomie County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

Rob F. Robertson, OBA # 12455
Leslie L. Lynch, OBA # 15124
GABLEGOTWALS
One Leadership Square, Suite 1500
211 North Robinson
Oklahoma City, OK  73102-7101
Telephone:  (405) 235-5500
Fax:  (405) 235-2875
Email:  rrobertson@gablelaw.com
        llynch@gablelaw.com

Lee M. Smithyman, KS #09391
Veronica L. Dersch, KS #20757
750 Commerce Plaza II
7400 West 110th Street
Overland Park, KS 66210-2362
Telephone:  (913) 661-9800
Fax: (913) 661-9863
Email: lee@smizak-law.com
        veronica@smizak-law.com

Edmund S. Gross, KS #10702
CVR Energy, Inc.
10 East Cambridge Circle Drive, Suite 250
Kansas City, KS 66103
Telephone: (913)982-0490
Fax: (913)982-5651
Email: esgross@cvrenergy.com

***ATTORNEYS FOR DEFENDANT
COFFEYVILLE RESOURCES REFINING
& MARKETING, LLC***

12

Mike Mordy, OBA #6372
Mordy and Mordy, PC
110 West Main Street
Ardmore, OK 73401
Phone: (580)223-4384
Fax: (580)226-0823
E-mail: mmordy@mordylaw.com

*ATTORNEYS FOR CALCASIEU REFINING
COMPANY*

{S179293;4}

Stephen L. Jantzen, OBA #16247
Ryan Whaley Coldiron Shandy PLLC
900 Robinson Renaissance
119 North Robinson
Oklahoma City, OK 73102
Telephone: 405.228.2136 (Direct)
Telephone: 405.239.6040 (Main)
Telefax: 405.239.6766
E-mail: sjantzen@ryanwhaley.com

***ATTORNEYS FOR CHEVRON PRODUCTS
COMPANY, A DIVISION OF CHEVRON
U.S.A. INC. (wrongfully named by plaintiffs
as Chevron USA, Inc. (d/b/a Chevron
Products Company))***

14

Rob F. Robertson, OBA # 12455
Leslie L. Lynch, OBA # 15124
GABLEGOTWALS
One Leadership Square, Suite 1500
211 North Robinson
Oklahoma City, OK 73102-7101
Telephone: (405) 235-5500
Fax: (405) 235-2875
Email: rrobertson@gablelaw.com
llynch@gablelaw.com

**ATTORNEYS FOR CIMA ENERGY LTD.**

Mark Banner, OBA #13243
HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.
320 S. Boston Avenue, Suite 200
Tulsa, OK 74103
Phone: (918) 594-0432
Fax: (918) 594-0505
E-mail: mbanner@hallestill.com

**ATTORNEYS FOR CIMMARRON GATHERING, LP**

Michael G. Smith (OBA No.19994)
Law Offices of Michael G. Smith, P.C.
515 Frisco
P.O. Box 846
Clinton, OK 73601
Phone: (580)323-2167
Fax: (580)323-2188
E-mail: mike@mikesmithlaw.net

and

Michael Parker (Texas Bar No. 778163)
FULBRIGHT & JAWORSKI L.L.P.
300 Convent Street, Suite 2200
San Antonio, Texas 78205
Phone: (210) 224-5575
Fax: (210) 270-7205
E-mail: mmparker@fulbright.com

***ATTORNEYS FOR DELEK REFINING LTD***

{S179293;4}

_(signature)_

Rob F. Robertson, OBA # 12455
Leslie L. Lynch, OBA # 15124
GABLEGOTWALS
One Leadership Square, Suite 1500
211 North Robinson
Oklahoma City, OK 73102-7101
Telephone: (405) 235-5500
Fax: (405) 235-2875
Email: rrobertson@gablelaw.com
        llynch@gablelaw.com
    and
Alan M. Unger
Michael G. Burke
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, N.Y. 10019
Tel: (212) 839-5300
Fax: (212) 839-5599
Email: aunger@sidley.com
        mgburke@sidley.com

***ATTORNEYS FOR HUSKY MARKETING
  AND SUPPLY COMPANY***

_(signature)_ w/permission by _(signature)_

A. Ainslie Stanford, II, OBA #18843
Cobyn Hampton, PLLC
211 N. Robinson Avenue, Suite 1910
Oklahoma City, OK 73102
Phone: (405) 239-7055
Fax: (405) 702-4348
E-mail: astanford@corbynhampton.com
        and
Robert T. Cosgrove
Burns, Wall, Smith and Mueller P.C.
303 E. 17th Ave., Suite 800
Denver, CO 80203
Phone: (303) 830-7000
Fax: (303) 830-6708 (fax)
E-mail: rcosgrove@bwsm.com

***ATTORNEYS FOR INTERSTATE
  PETROELUM CORPORATION***

17

*John E. Vitali* w/ permission by

John E. Vitali, OBA No. 12018
Hornbeek Vitali & Braun, P.L.L.C.
3711 North Classen Boulevard
Oklahoma City, OK 73118
(405) 236-8600 Telephone
(405) 236-8602 Facsimile
Email: vitali@hvblaw.com

and

Christopher A. McElgunn, #13359
Michelle L. Brenwald, #19287
Klenda, Mitchell, Austerman
  & Zuercher, L.L.C.
301 N. Main, 1600 Epic Center
Wichita, KS 67202-4816
(316) 267-0331 Telephone
(316) 267-0333 Facsimile
Email: cmcelgunn@kmazlaw.com
      mbrenwald@kmazlaw.com

***ATTORNEYS FOR NATIONAL
COOPERATIVE REFINERY
ASSOCIATION***

18

Dennis C. Cameron, OBA #12236
Tyson D. Schwerdtfeger, OBA #19566
GABLEGOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK  74103-4217
Phone:  (918)595-4800
Fax:  (918)595-4900
E-mail:  dcameron@gablelaw.com
          tschwerdtfeger@gablelaw.com

***ATTORNEYS FOR  OCCIDENTAL ENERGY
MARKETING, INC.***

{S179293;4}

_(signature)_

Rob F. Robertson, OBA # 12455
Leslie L. Lynch, OBA # 15124
GABLEGOTWALS
One Leadership Square, Suite 1500
211 North Robinson
Oklahoma City, OK 73102-7101
Telephone: (405) 235-5500
Fax: (405) 235-2875
Email: rrobertson@gablelaw.com
    llynch@gablelaw.com

and

Tom Stilwell
Paul Turner
SUTHERLAND
2 Houston Center
909 Fannin, Suite 2200
Houston, Texas 77010
Phone: (713)470-6195
Fax: (713)654-1301
E-mail: tom.stilwell@sutherland.com

**_ATTORNEYS FOR SHELL TRADING (US) COMPANY_**

_(signature)_

Charles D. Neal, Jr. OBA #6591
Amy Bradley-Waters, OBA #16480
Steidley & Neal, PLLC
CityPlex Towers, Suite 5300
2448 E. 81st Street
Tulsa, OK 74137
Phone: (918) 664-4612
Fax: (918) 664-4133
E-mail: cdn@steidley-neal.com
    abw@steidley-neal.com

**_ATTORNEYS FOR SUNOCO LOGISTICS PARTNERS, LP_**

{S179293;4}

Robert G. Gum, OBA #3659
Gum, Puckett & Mackechnie, L.L.P.
105 North Hudson, Suite 900
Oklahoma City, OK 73102
Phone: (405)488-1212
Fax: (405) 488-1216
E-mail: rggum@gpmlegal.net

*ATTORNEYS FOR TEPPCO CRUDE GP, LLC*

{S179293;4}

Michael G. Smith (OBA No.19994)
Law Offices of Michael G. Smith, P.C.
515 Frisco
P.O. Box 846
Clinton, OK 73601
Phone: (580)323-2167
Fax: (580)323-2188
E-mail: mike@mikesmithlaw.net

and

Michael Parker (Texas Bar No. 778163)
FULBRIGHT & JAWORSKI L.L.P.
300 Convent Street, Suite 2200
San Antonio, Texas 78205
Phone: (210) 224-5575
Fax: (210) 270-7205
E-mail: mmparker@fulbright.com

***ATTORNEYS FOR VALERO MARKETING
AND SUPPLY COMPANY***

{S179293;4}

Gary A. Bryant, OBA #1263
MOCK, SCHWABE, WALDO, ELDER,
  REEVES & BRYANT
Two Leadership Square
Fourteenth Floor
211 N. Robinson Avenue
Oklahoma City, Oklahoma 73102
Phone: (405)235-1110
Fax: (405)235-0333
E-mail: gbryant@mswerb.com

***ATTORNEYS FOR VENTURA REFINING &
TRANSMISSION, LLC***

{S179293;4}

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served on the 20th day of May, 2010, by placing same in the United States mail, postage prepaid, addressed to:

Jamie Shouse, OBA# 20842
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201

Peter S. Goodman
Kyle A. Lonergan
McKool Smith, P.C.
One Bryant Park, 47th Floor
New York, NY 10036

Hugh Ray
Basil Umari
McKool Smith, P.C.
600 Travis Street, Suite 7000
Houston, Texas 77002

*Attorneys for Plaintiffs*

Rob F. Robertson/Leslie L. Lynch

{S179293;4}