## IN THE DISTRICT COURT IN AND FOR POTTAWATOMIE COUNTY
## STATE OF OKLAHOMA

(1) ARROW OIL & GAS, INC.;                    )
(2) BRADEN-DEEM, INC.;                         )
(3) CASEY MUSGROVE OIL                         )
    COMPANY, INC.;                             )
(4) CHAPARRAL ENERGY, LLC;                     )
(5) CMX, INC.;                                 )
(6) CRAWLEY PETROLEUM                          )
    CORPORATION;                               )
(7) DC ENERGY, INC.;                           )
(8) DUNCAN OIL PROPERTIES, INC.;               )
(9) DUNNE EQUITIES, INC.;                      )
(10) FAIRFIELD OIL & GAS                       )
    CORPORATION;                               )
(11) THE GLOCO, LLC;                           )
(12) GMX RESOURCES, INC.;                      )
(13) GROUND DEVELOPMENT                        )
    COMPANY;                                   )
(14) JACK EXPLORATION, INC.;                   )          Case No. CJ-2010-240
(15) KEITH F. WALKER OIL & GAS                 )
    COMPANY, LLC;                              )
(16) KINGERY DRILLING COMPANY,                 )
    INC.;                                      )
(17) LANCE RUFFEL OIL & GAS                    )
    CORPORATION;                               )
(18) LARIO OIL & GAS COMPANY;                  )
(19) LITTLE BEAR RESOURCES, LLC;               )
(20) MCCOY PETROLEUM                           )
    CORPORATION;                               )
(21) MESA EXPLORATION                          )
    COMPANY, INC.;                             )
(22) MUSGROVE ENERGY, INC.;                    )
(23) MUSTANG FUEL                              )
    CORPORATION;                               )
(24) NYTEX ENERGY, LLC;                        )
(25) OKLAHOMA OIL & GAS                        )
    MANAGEMENT, INC.;                          )
(26) RJ SPERRY COMPANY;                        )
(27) SHORT & SHORT, LLC;                       )
(28) STEPHENS & JOHNSON                        )
    OPERATING COMPANY;                         )
(29) TEMPEST ENERGY RESOURCES,                 )
    LP;                                        )
(30) TRIPLEDEE DRILLING                        )

**FILED**

IN THE DISTRICT COURT

**MAY 0 3 2010**

POTTAWATOMIE COUNTY, OK
RETA HEAD, COURT CLERK
BY_____ DEPUTY

(31) TRIPOWER RESOURCES, INC.;    )
(32) VEENKER RESOURCES, INC.;    )
(33) WELLCO ENERGY, INC.,    )
    )
         Plaintiffs,    )
v.    )
    )
(1) CALCASIEU REFINING    )
    COMPANY;    )
(2) CHEVRON USA, INC. (D/B/A    )
    CHEVRON PRODUCTS    )
    COMPANY);    )
(3) CIMA ENERGY LTD.;    )
(4) CIMMARRON GATHERING, LP;    )
(5) CIMMARRON TRANSPORTATION,    )
    LLC;    )
(6) COFFEYVILLE RESOURCES    )
    REFINING & MARKETING, LLC;    )
(7) CP ENERGY LLC;    )
(8) CRUDE MARKETING &    )
    TRANSPORTATION, INC.;    )
(9) DELEK REFINING LTD.;    )
(10) HUSKY MARKETING    )
    ANDSUPPLY COMPANY;    )
(11) INTERSTATE PETROLEUM    )
    CORPORATION;    )
(12) NATIONAL COOPERATIVE    )
    REFINERY ASSOCIATION;    )
(13) OASIS TRANSPORTATION AND    )
    MARKETING CORPORATION;    )
(14) OCCIDENTAL ENERGY    )
    MARKETING, INC.;    )
(15) SHELL TRADING (US)    )
    COMPANY;    )
(16) SUNOCO LOGISTICS PARTNERS,    )
    LP;    )
(17) TEPPCO CRUDE GP, LLC;    )
(18) VALERO MARKETING AND    )
    SUPPLY COMPANY;    )
(19) VENTURA REFINING &    )
    TRANSMISSION, LLC,    )
    )
         Defendants.    )
-------------------------------------------------------)

2

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs Arrow Oil & Gas, Inc.; Braden-Deem, Inc.; Casey Musgrove Oil Company, Inc.; Chaparral Energy, LLC; CMX, Inc.; Crawley Petroleum Corporation; DC Energy, Inc.; Duncan Oil Properties, Inc.; Dunne Equities, Inc.; Fairfield Oil & Gas Corporation; The Gloco, LLC; GMX Resources, Inc.; Ground Development Company; Jack Exploration, Inc.; Keith F. Walker Oil & Gas Company, LLC; Kingery Drilling Company, Inc.; Lance Ruffel Oil & Gas Corporation; Lario Oil & Gas Company; Little Bear Resources, LLC; McCoy Petroleum Corporation; Mesa Exploration Company, Inc.; Musgrove Energy, Inc.; Mustang Fuel Corporation; NYTEX Energy, LLC; Oklahoma Oil & Gas Management, Inc.; RJ Sperry Company; Short & Short, LLC; Stephens & Johnson Operating Company; Tempest Energy Resources, LP; Tripledee Drilling Company, Inc.; Tripower Resources, Inc.; Veenker Resources, Inc.; and Wellco Energy, Inc. (collectively, "Plaintiffs"), by and through their counsel McKool Smith, P.C., for their causes of action against Defendants Calcasieu Refining Company; Chevron USA, Inc. (d/b/a Chevron Products Company); CIMA Energy Ltd.; Cimmarron Gathering, LP; Cimmarron Transportation, LLC; Coffeyville Resources Refining & Marketing, LLC; CP Energy LLC; Crude Marketing & Transportation, Inc.; Delek Refining Ltd.; Husky Marketing and Supply Company; Interstate Petroleum Corporation; National Cooperative Refinery Association; Oasis Transportation and Marketing Corporation; Occidental Energy Marketing, Inc.; Shell Trading (US) Company; Sunoco Logistics Partners, LP; Teppco Crude GP, LLC; Valero Marketing and Supply Company; and Ventura Refining & Transmission, LLC, (collectively, "Defendants"), allege and state as follows:

1

## I. PARTIES

1.      Plaintiff Arrow Oil & Gas, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma.

2.      Plaintiff Braden-Deem, Inc. is a Kansas corporation with its principal place of business in Arizona.

3.      Plaintiff Casey Musgrove Oil Company, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma.

4.      Plaintiff Chaparral Energy, LLC is an Oklahoma corporation with its principal place of business in Oklahoma.

5.      Plaintiff CMX, Inc. is a Kansas corporation with its principal place of business in Kansas.

6.      Plaintiff Crawley Petroleum Corporation is an Oklahoma corporation with its principal place of business in Oklahoma.

7.      Plaintiff DC Energy, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma.

8.      Plaintiff Duncan Oil Properties, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma.

9.      Plaintiff Dunne Equities, Inc. is a Kansas corporation with its principal place of business in Kansas.

10.     Plaintiff Fairfield Oil & Gas Corporation is an Oklahoma corporation with its principal place of business in Oklahoma.

11.     Plaintiff The Gloco, LLC is an Oklahoma limited liability company with its principal place of business in Oklahoma.

2

12.     Plaintiff GMX Resources, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma.

13.     Plaintiff Ground Development Company is a Texas corporation with its principal place of business in Texas.

14.     Plaintiff Jack Exploration, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma.

15.     Plaintiff Keith F. Walker Oil & Gas Company, LLC is an Oklahoma corporation with its principal place of business in Oklahoma.

16.     Plaintiff Kingery Drilling Company, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma.

17.     Plaintiff Lance Ruffel Oil & Gas Corporation is an Oklahoma corporation with its principal place of business in Oklahoma.

18.     Plaintiff Lario Oil & Gas Company is a Delaware corporation with its principal place of business in Kansas.

19.     Plaintiff Little Bear Resources, LLC is an Oklahoma limited liability company with its principal place of business in Oklahoma.

20.     Plaintiff McCoy Petroleum Corporation is a Kansas corporation with its principal place of business in Kansas.

21.     Plaintiff Mesa Exploration Company, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma.

22.     Plaintiff Musgrove Energy, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma.

23.    Plaintiff Mustang Fuel Corporation is an Oklahoma corporation with its principal place of business in Oklahoma.

24.    Plaintiff NYTEX Energy, LLC is an Oklahoma limited liability company with its principal place of business in Oklahoma.

25.    Plaintiff Oklahoma Oil & Gas Management, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma.

26.    Plaintiff RJ Sperry Company is a sole proprietorship in Oklahoma with its principal place of business in Texas.

27.    Plaintiff Short & Short, LLC is a Kansas limited liability company with its principal place of business in Kansas.

28.    Plaintiff Stephens & Johnson Operating Company is a Texas corporation with its principal place of business in Texas.

29.    Plaintiff Tempest Energy Resources, LP is a Texas limited partnership with its principal place of business in Texas.

30.    Plaintiff Tripledee Drilling Company, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma.

31.    Plaintiff Tripower Resources, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma.

32.    Plaintiff Veenker Resources, Inc. is an Oklahoma corporation with its principal place of business located in Oklahoma.

33.    Plaintiff Wellco Energy, Inc. is an Oklahoma corporation with its principal place of business located in Oklahoma.

4

34.     Defendant Calcasieu Refining Company is a Delaware corporation with its principal place of business in Louisiana.

35.     Defendant Chevron USA, Inc., doing business as Chevron Products Company, is a Pennsylvania corporation with its principal place of business in California.

36.     Defendant CIMA Energy Ltd. is a Texas limited partnership with its principal place of business in Texas.

37.     Defendant Cimmarron Gathering, LP is a Texas limited partnership with its principal place of business in Oklahoma.

38.     Defendant Cimmarron Transportation, LLC is an Oklahoma limited liability company with its principal place of business in Texas.

39.     Defendant Coffeyville Resources Refining & Marketing, LLC is a Delaware limited liability company with its principal place of business in Kansas.

40.     Defendant CP Energy LLC is an Oklahoma limited liability company with its principal place of business in Oklahoma.

41.     Defendant Crude Marketing & Transportation, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma.

42.     Defendant Delek Refining Ltd. is a Texas limited partnership with its principal place of business in Tennessee.

43.     Defendant Husky Marketing and Supply Company is a Delaware corporation with its principal place of business in Canada.

44.     Defendant Interstate Petroleum Corporation is an Oklahoma corporation with its principal place of business in Oklahoma.

5

45.    Defendant National Cooperative Refinery Association is a Kansas cooperative with its principal place of business in Kansas.

46.    Defendant Oasis Transportation and Marketing Corporation is a Nevada corporation with its principal place of business in Texas.

47.    Defendant Occidental Energy Marketing, Inc. is a Delaware corporation with its principal place of business in Oklahoma.

48.    Defendant Shell Trading (US) Company is a Delaware corporation with its principal place of business in Texas.

49.    Defendant Sunoco Logistics Partners, LP is a Delaware limited partnership with its principal place of business in Pennsylvania.

50.    Defendant Teppco Crude GP, LLC is a Delaware limited liability company with its principal place of business in Texas.—    -

51.    Defendant Valero Marketing and Supply Company is a Delaware corporation with its principal place of business in Texas.

52.    Defendant Ventura Refining & Transmission, LLC is an Oklahoma limited liability company with its principal place of business in Oklahoma.

## II. JURISDICTION AND VENUE

53.    Jurisdiction is proper pursuant to the provisions of Okla. Stat. Tit. 12, § 2004(F) and Okla. Stat. Tit. 52, § 570.14.

54.    Venue is proper pursuant to Okla. Stat. Tit. 12, §§ 134 and 137, as this is a judicial district where the cause of action or some part thereof arose, and thus venue is proper for all co-defendants.

## III. FACTUAL BACKGROUND

55.    Plaintiffs are the operators of numerous wells in the States of Texas and Oklahoma, including wells located in Pottawatomie County, Oklahoma, pursuant to operating agreements with non-operating working interest owners and pooling orders issued by state regulatory agencies. Plaintiffs are also the owners of working interests and royalty interests in crude oil, gas and condensate production for numerous wells located in the States of Texas and Oklahoma. Certain of the Plaintiffs produced oil in both Texas and Oklahoma.

56.    As operators, Plaintiffs are generally authorized to market and sell crude oil, gas and condensate from the wells they operate attributable to and for the benefit of their own working interests and for the benefit of the non-operating interest owners and royalty interest owners. In addition, Plaintiffs own non-operating interests in numerous wells that are operated by other parties, in which Plaintiffs are entitled to their share of the sales proceeds.

57.    In the course of Plaintiffs' business, Plaintiffs entered into various agreements with SemCrude, L.P. ("SemCrude"), SemGas, L.P ("SemGas") and/or Eaglwing, L.P. ("Eaglwing"), as well as their direct and indirect subsidiaries (collectively, "SemParties"). Under these agreements, Plaintiffs agreed to sell production, principally crude oil, from the wells they operated to the SemParties. The SemParties agreed to remit payment to Plaintiffs on a monthly basis, on or before the 20th and 25th days of the month following the month of purchase.

58.    Plaintiffs sold and delivered millions of dollars worth of crude oil, gas and condensate to the SemParties from June 1 through July 21, 2008, for which Plaintiffs have not been fully paid. Plaintiffs are uncertain as to which of the Defendants sued herein are liable as to which of the Plaintiffs with respect to each of the Plaintiffs' production.

59.     Upon information and belief, Defendants were substantial purchasers of crude oil, gas and condensate from, and/or traders of crude oil, gas and condensate with, the SemParties and/or SemGroup, L.P. ("SemGroup"), which was the holding company for SemCrude, SemGas, Eaglwing, and numerous related affiliates.   During the course of their business relationship, Defendants entered into multiple agreements for the purchase, sale, and/or trading of crude oil, gas and condensate with the SemParties and/or SemGroup.

60.     In June and July 2008, the SemParties entered into numerous transactions to deliver millions of dollars worth of crude oil, gas and condensate to Defendants that had been produced by Plaintiffs.  Defendants never tendered full payment to the SemParties, SemGroup or Plaintiffs for the delivery of the crude oil, gas and condensate.

61.     Plaintiffs have filed this lawsuit against Defendants in order to recover the full amount of the proceeds for the crude oil, gas and condensate that was delivered to Defendants. Pursuant to the laws of the States of Oklahoma and Texas, Plaintiffs hold, among other things, valid, perfected security interests, liens, constructive trusts and/or resulting trusts on the crude oil, gas and condensate that was produced and all resulting proceeds or benefits that have accrued to Defendants.

### The SemParties Bankruptcy

62.     On July 22, 2008, SemCrude and Eaglwing, along with the other related SemParties, filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"). On July 23, 2008, the Bankruptcy Court entered an order directing the joint administration of the Chapter 11 SemParties bankruptcy cases under Case No. 08-11525.  On October 28, 2009, the

Bankruptcy Court confirmed the Debtors' Fourth Amended Joint Plan of Reorganization ("Confirmation Order") and the SemParties emerged from bankruptcy.

## Settlements with the SemParties

63.     Prior to confirmation of the Fourth Amended Plan, the SemParties, their Banks and certain entities that purchased Plaintiffs' oil from the SemParties (who are not named defendants in this action) entered into settlements with respect to the SemParties' claims against those entities.  Under the terms of these settlements, those entities paid only a portion of the money they owed to the SemParties for their purchases of crude oil, gas and condensate.  The Defendants herein have not made any payments for the crude oil, gas and condensate they received that was produced by Plaintiffs.

64.     A settlement also was reached between the SemParties, their Banks and the Plaintiffs with respect to Plaintiffs' claims against the SemParties.  Under the terms of this settlement, Plaintiffs received only a partial payment for the crude oil, gas and condensate that was sold to the SemParties. The settlement generally included payment for the Plaintiffs' crude oil, gas and condensate that was delivered to the SemParties within twenty days of the bankruptcy filing.

65.     No settlement was ever reached between Plaintiffs and Defendants.   The Bankruptcy Court's Confirmation Order expressly preserved Plaintiffs' claims against Defendants for the amounts that Defendants have failed to pay for their purchases of oil from the SemParties that was produced by Plaintiffs.

## Defendants' Failure to Pay

66.     Contrary to the laws of the States of Oklahoma and Texas, Defendants did not pay Plaintiffs the amount owed for the crude oil, gas and condensate they purchased from the

SemParties that was produced by Plaintiffs.  Instead, Defendants setoff millions of dollars that they were obligated to pay against other contractual obligations of the SemParties to Defendants.

67.    Pursuant to Oklahoma and Texas law, Plaintiffs, as well as other Producers, hold valid, perfected security interests, liens, constructive trusts and/or resulting trusts on crude oil, gas and condensate produced, sold and delivered to the SemParties in June and July 2008.  These valid, perfected security interests, liens, constructive trusts and/or resulting trusts extend to all proceeds or benefits resulting from the SemParties' sale or trade of the crude oil, gas and condensate to Defendants.  The SemParties' sale or trade of the crude oil, gas and condensate does not terminate Plaintiffs' valid, perfected security interests, liens, constructive trusts and/or resulting trusts.

68.    The perfected security interests, liens, constructive trusts, resulting trusts and/or other legal and equitable rights provided to–Plaintiffs, as well as other Producers, under Oklahoma and Texas law cannot be defeated, diminished, or otherwise impaired by any holder of the crude oil, gas and condensate or the resulting proceeds.

69.    Defendants cannot avoid liability to Plaintiffs by setting off the value of the crude oil, gas and condensate delivered that is the subject of Plaintiffs' perfected security interests, liens, constructive trusts and/or resulting trusts against other obligations contractual or otherwise.

70.    Despite such prohibition, Defendants continue to unlawfully possess the crude oil, gas and condensate produced by Plaintiffs and/or the resulting proceeds and are using the same to their sole benefit.  This is in spite of the fact that Defendants have yet to make full payment to Plaintiffs for the crude oil, gas and condensate that was delivered.

71.    Defendants are sophisticated purchasers of crude oil, gas and condensate in the marketplace and were fully knowledgeable of the valid, perfected security interests, liens,

constructive trusts and/or resulting trusts held by Plaintiffs in the crude oil, gas and condensate delivered to Defendants.

72.     Defendants were well aware that the crude oil, gas and condensate delivered by the SemParties to Defendants was produced by Plaintiffs.

73.     The laws of the States of Oklahoma and Texas prohibit Defendants from setting off other obligations contractual or otherwise owed by the SemParties against the amounts Defendants are obligated to pay for the crude oil, gas and condensate.

74.     Upon information and belief, Defendants setoff the payments due for the crude oil, gas and condensate delivered knowing that SemCrude would not be able to satisfy its other obligations to Defendants.  As a result of this setoff, Defendants knew that Plaintiffs would not be paid for the crude oil, gas and condensate that they produced.

75.     Defendants intentionally interfered with Plaintiffs' contracts and wrongfully converted Plaintiffs' crude oil, gas and condensate, the resulting proceeds and/or the security interests therein when they setoff the value of the crude oil, gas and condensate delivered.

76.     Plaintiffs have been directly harmed as a result of Defendants' failure to pay. Plaintiffs have not been paid in full for the crude oil, gas and condensate that was produced and delivered to Defendants.

77.     Pursuant to the laws of the States of Oklahoma and Texas, Defendants are liable for the damages they have caused to Plaintiffs.

## IV. PLAINTIFFS' CLAIMS FOR RELIEF

### First Claim for Relief:
### Oklahoma Production Revenue Standards Act - Okla. Stat. Tit. 52, § 570.1, et seq.
### (Against All Defendants)[1]

78.     Plaintiffs incorporate the allegations contained in paragraphs 1 through 77 above, as though fully set forth herein.

79.     Defendants received crude oil, gas and condensate that was extracted and produced from wells owned and/or operated by Plaintiffs in Oklahoma.  Defendants sold that production and have retained the proceeds and revenues therefrom. The Oklahoma Production Revenue Standards Act, Okla. Stat. Tit. 52, § 570.10(A) mandates that:

> All proceeds from the sale of production shall be regarded as separate and distinct from all other funds of any person receiving or holding the same until such time as such proceeds are paid to the owners legally entitled thereto. Any person holding revenue or proceeds from the sale of production shall hold such revenue or proceeds for the benefit of the owners legally entitled thereto. Nothing in this subsection shall create an express trust.

80.     Plaintiffs are owners that, pursuant to the Oklahoma Production Revenue Standards Act, are "legally entitled" to payment and the imposition of a constructive trust and resulting trust.  Defendants have not fully remitted payment to Plaintiffs for the crude oil, gas and condensate that was delivered.

81.     As a direct and proximate cause and result of the wrongful acts of Defendants, Plaintiffs have suffered damages in an amount to be proven at trial, but which is an amount in excess of $75,000.

82.     Pursuant to Okla. St. Tit. 52, § 570.10(D)(1), proceeds "not timely paid [to Plaintiffs] shall earn interest at the rate of twelve percent (12%) per annum to be compounded

---

[1]     Plaintiffs Arrow Oil & Gas, Inc., GMX Resources, Inc., and Tempest Energy Resources, LP do not assert this claim.

annually, calculated from the end of the month in which such production is sold until the day paid." Plaintiffs seek payment of twelve percent interest from the date the crude oil, gas and condensate production was sold.

**Second Claim for Relief:**
**Texas Lien Statute - Tex. Bus. & Com. Code § 9.343**
**(Against All Defendants)**

83.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 82 above, as though fully set forth herein.

84.    The Texas Lien Statute, Tex. Bus. & Com. Code § 9.343 states:

> This section provides a security interest in favor of interest owners, as secured parties, to secure the obligations of the first purchaser of oil and gas production, as debtor, to pay the purchase price . . . The security interests and liens created by this section have priority over any purchaser who is not a buyer in the ordinary course of the first purchaser's business . . .

85.    Plaintiffs Arrow Oil & Gas, Inc.; DC Energy, Inc.; Duncan Oil Properties, Inc.; GMX Resources, Inc.; and Tempest Energy Resources, LP are interest owners who, pursuant to the Texas Lien Statute, have "security interests and liens" which "have priority over any purchaser who is not a buyer in the ordinary course of the first purchaser's business." Defendants, who setoff their purchases, did not buy oil in the ordinary course of the first purchaser's business.

86.    As a direct and proximate cause and result of the wrongful acts of Defendants, Plaintiffs Arrow Oil & Gas, Inc.; DC Energy, Inc.; Duncan Oil Properties, Inc.; GMX Resources, Inc.; and Tempest Energy Resources, LP have suffered damages in an amount to be proven at trial, but which is an amount in excess of $75,000. Plaintiffs Arrow Oil & Gas, Inc.; DC Energy, Inc.; Duncan Oil Properties, Inc.; GMX Resources, Inc.; and Tempest Energy Resources, LP also seek recoverable interest under the Texas Lien Statute.

### Third Claim for Relief: Conversion and Unlawful Retention
### (Against All Defendants)

87.     Plaintiffs incorporate the allegations contained in paragraphs 1 through 86 above, as though fully set forth herein.

88.     Plaintiffs possessed and/or owned crude oil, gas and condensate that was extracted and produced from wells owned and/or operated by Plaintiffs in Oklahoma and Texas. The crude oil, gas and condensate, the resulting proceeds and the security interests therein were the personal property of Plaintiffs.

89.     Defendants wrongfully exercised dominion and control over the crude oil, gas and condensate, the resulting proceeds and/or the security interests therein.

90.     As a result of Defendants' unlawful conversion of Plaintiffs' crude oil, gas and condensate, the resulting proceeds and/or the security interests therein, Plaintiffs have suffered damages in an amount to be determined at trial, but which is an amount in excess of $75,000.

91.     The conversion and unlawful retention of crude oil, gas and condensate, the resulting proceeds and/or the security interests therein by Defendants constitutes intentional or reckless conduct that justifies the imposition of punitive damages.

### Fourth Claim for Relief: Tortious Interference with Contract
### (Against All Defendants)

92.     Plaintiffs incorporate the allegations contained in paragraphs 1 through 91 above, as though fully set forth herein.

93.     Plaintiffs entered into valid contracts with the SemParties for the sale and delivery of crude oil, gas and condensate.  Pursuant to these contracts, the SemParties were contractually obligated to make full and complete payment to Plaintiffs for the crude oil, gas and condensate that was delivered.  Defendants were not a party to these contracts.

94.     Upon information and belief, Defendants intentionally, maliciously and wrongfully interfered with Plaintiffs' contracts with the SemParties.

95.     Defendants' interference with these contracts was neither justified, privileged, nor excusable.

96.     As a direct and proximate cause and result of the interference by Defendants, Plaintiffs have suffered damages in an amount to be proven at trial, but which is an amount in excess of $75,000.

97.     The interference with these contracts by Defendants constitutes intentional or reckless conduct that justifies the imposition of punitive damages.

### Fifth Claim for Relief: Money Had and Received
### (Against All Defendants)

98.     Plaintiffs incorporate the allegations contained in paragraphs 1 through 97 above, as though fully set forth herein.

99.     Defendants are in wrongful possession of the proceeds from the crude oil, gas and condensate that was extracted and produced from wells owned and/or operated by Plaintiffs in Oklahoma and Texas.

100.    Defendants have refused to turn over these proceeds to Plaintiffs, who are rightfully owed this money.

101.    Defendants should not be allowed to retain these ill-gotten gains in good conscience.  Plaintiffs are entitled to recovery from Defendants in an amount to be proven at trial, but which is an amount in excess of $75,000.

**Sixth Claim for Relief: Quantum Meruit**
**(Against All Defendants)**

102.   Plaintiffs incorporate the allegations contained in paragraphs 1 through 101 above, as though fully set forth herein.

103.   Plaintiffs provided crude oil, gas and condensate to Defendants through the SemParties in June and July 2008.

104.   Defendants accepted the crude oil, gas and condensate, and had reasonable notice that Plaintiffs expected to be fully compensated for the production.

105.   Plaintiffs, however, were never paid for the crude oil, gas and condensate that Defendants accepted.   As a result, Plaintiffs have suffered damages in an amount to be determined at trial, but which is an amount in excess of $75,000.

**Seventh Claim for Relief: Unjust Enrichment**
**(Against All Defendants)**

106.   Plaintiffs incorporate the allegations contained in paragraphs 1 through 105 above, as though fully set forth herein.

107.   Plaintiffs conferred a benefit upon Defendants by providing crude oil, gas and condensate to Defendants through the SemParties.

108.   Defendants knew the benefit they were receiving when they accepted the crude oil, gas and condensate, but have never fully compensated Plaintiffs for this benefit.

109.   Defendants' failure to pay for the production is both inequitable and unjust, and Defendants are required to make restitution to Plaintiffs for the benefit that they have received in an amount to be determined at trial, but which is an amount in excess of $75,000.

### Eighth Claim for Relief: Accounting
### (Against All Defendants)

110.   Plaintiffs incorporate the allegations contained in paragraphs 1 through 109 above, as though fully set forth herein.

111.   The exact amount owed by each Defendant is undetermined and unknown to Plaintiffs.  The information required to determine the amount owed is available to Defendants. Plaintiffs have no adequate remedy at law because the computation of the amounts owed would require the extraction of relevant information from Defendants' voluminous financial records and would be exceedingly complex for Plaintiffs, but not for Defendants.

112.   For these reasons, Plaintiffs request a full accounting of Defendants' purchases and subsequent sales of the crude oil, gas and condensate produced by Plaintiffs in Oklahoma and Texas, as well as the location, amount, and character of all proceeds derived therefrom by Defendants.

### V. JURY DEMAND

113.   Plaintiffs respectfully request a jury trial of all issues in this action so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, based upon all of the foregoing claims, it is appropriate that the Court enter judgment in favor of Plaintiffs and against Defendants in the following particulars:

114.   That the aforementioned Plaintiffs be entitled to recover damages from all Defendants under Okla. Stat. Tit. 52, § 570.1, et seq.;

115.   That Plaintiffs Arrow Oil & Gas, Inc.; DC Energy, Inc.; Duncan Oil Properties, Inc.; GMX Resources, Inc.; and Tempest Energy Resources, LP be entitled to recover damages from all Defendants under Tex. Bus. & Com. Code § 9.343;

116.    That Plaintiffs be entitled to recover damages from all Defendants for the claims of conversion and unlawful retention and tortious interference with contract;

117.    That Plaintiffs be entitled to equitable relief in the form of restitution for the claims of money had and received, Quantum Meruit, and unjust enrichment;

118.    That Plaintiffs be entitled to an accounting from all Defendants;

119.    That Plaintiffs be entitled to recover punitive damages from all Defendants;

120.    That Plaintiffs be entitled to recover expenses, attorneys' fees, and other costs of collection; and

121.    For such other and further relief as this Court deems just and equitable.

ATTORNEYS' LIEN CLAIMED.

Dated:  May 3, 2010

Respectfully submitted,

*Jamie Shouse*

Jamie Shouse  (#20842)
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone:  (214) 978-4000
Facsimile:  (214) 978-4044

-and-

Peter S. Goodman
Kyle A. Lonergan
McKool Smith, P.C.
One Bryant Park, 47th Floor
New York, New York 10036
Telephone:  (212) 402-9400
Facsimile:  (212) 402-9444

-and-

Hugh Ray
Basil Umari
McKool Smith, P.C.
600 Travis Street, Suite 7000
Houston, Texas  77002
Telephone: (713) 485-7300
Facsimile:  (713) 485-7344

*Counsel for Plaintiffs*