# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ARROW OIL & GAS, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | NO. CIV-10-0544-HE |
| | ) | |
| J. ARON & CO., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Currently pending are defendants' motions to transfer or stay [Doc. Nos. 39 & 40], plaintiffs' motion to stay consideration of those motions [Doc. No. 100], and plaintiff's motion to remand [Doc. No. 90].

Plaintiffs' sole argument in support of their motion to remand is that the removal here was procedurally defective because not all defendants consented to it. However, this case was removed based on 28 U.S.C. § 1452,[1] which permits "a party" to remove a claim or cause of action if the district court would have jurisdiction of it under 28 U.S.C. § 1334. Section 1334 in turn gives federal district courts jurisdiction (subject to certain exceptions not pertinent here) over cases arising under or related to the federal bankruptcy laws. The courts have reached differing conclusions as to whether the unanimous consent of all defendants is required for removals under § 1452. However, the weight of authority is to the effect that unanimity is not required for removals under § 1452, as opposed to removals generally, 28 U.S.C. §§ 1441, 1446. *See* New England Wood Pellet, LLC v. New England

---

[1] *Notice of Removal, Doc. #1*.

Wood Pellet LLC, 419 B.R. 133 (D.N.H. 2009) and cases cited therein; *see also* California Pub. Employees Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 103 (2d Cir. 2004) ("because any one 'party' can remove under Section 1452(a), removal under that provision, unlike removal under Section 1441(a), does not require the unanimous consent of the defendants"); Creasey v. Coleman Furniture Corp., 763 F.2d 656, 660–61 (4th Cir. 1985) ("[I]n a § 1441 case involving multiple defendants, all of the defendants must agree to the removal of the state court action. Under the bankruptcy removal statute, however, any one party has the right to remove the state court action without the consent of the other parties.") (internal citation omitted). As the majority view appears more consistent with the language employed by Congress ("a party," singular, may remove under § 1452) and with its intent to grant comprehensive jurisdiction over bankruptcy-related matters to the bankruptcy courts,[2] the court concludes a party removing under § 1452 may do so without the unanimous consent of all defendants.[3] Plaintiffs' challenge to the removal of this case is therefore without merit.

Having concluded that removal was proper, defendants' motion to transfer the case is uncontested. Plaintiffs state in their brief in opposition to defendants' motions to transfer that, "if the Court finds that removal of this action to federal court was proper and denies Plaintiffs' Motion to Remand, the Court should transfer this action to the United States Bankruptcy Court for the District of Delaware." (Pl.'s Resp. 11 [Doc. No. 89].) The court

---

[2]*See* Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995).

[3]*The Tenth Circuit Court of Appeals has not addressed the unanimity question in this context, but has recognized that different standards may apply to removals under § 1452 than would apply under the general removal statutes. Daleske v. Fairfield Communities Inc., 17 F.3d 321 (10th Cir. 1994).*

concludes that transfer is appropriate here for substantially the same reasons as stated in the courts' November 19, 2009 order transferring fifteen consolidated cases also related to the SemGroup bankruptcy. *See* Samson Res. Co. v. Valero Mktg. & Supply Co., 2009 WL 4042912 (W.D. Okla., Nov. 19., 2009).

Accordingly, plaintiffs' motion to remand [Doc. No. 90] is **DENIED**; defendants' motions to transfer [Doc. Nos. 39 & 40] are **GRANTED**; and plaintiffs' motion to stay [Doc. No. 100] is **STRICKEN** as **MOOT**. The clerk of court is directed to transfer this case to the United States Bankruptcy Court for the District of Delaware.

**IT IS SO ORDERED**.

Dated this 22nd day of July, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE